DAVID R. STRAW *vs.* JOHN O. POOR and another.

Penobscot. Opinion June 30, 1882.

*Tax-title.*

If a demandant has the title to the premises demanded, unless his title is defeated by a tax-sale under which the defendant claims possession of the premises, the defendant must exhibit *prima facie* evidence of his tax-title, before the demandant is required to deposit the taxes and charges in order to be allowed to contest the validity of such tax-title.

By R. S., 1857, c. 6, § 42, a county treasurer can sell such fractional part of land assessed for taxes as will bring the amount of the taxes and charges thereon; but a sale will be void, if the whole tract is sold, and the treasurer does not certify that it was necessary to sell the whole to pay such amount.

ON REPORT.

A writ of entry to recover possession of two lots of land in. Woodville plantation. The writ is dated September 16, 1878. The question presented to the court is stated in the opinion.

*D. F. Davis and C. A. Bailey, and C. A. Everett,* for the plaintiff, cited: *Whitmore* v. *Learned,* 70 Maine, 276; *Orono* v. *Veazie,* 61 Maine, 431; *Orono* v. *Veazie,* 57 Maine, 517;

*Phillips* v. *Sherman*, 61 Maine, 548; Const. U. S. Art. 14, § 1; Const. Maine, Art. 1, § 19; *Stuart* v. *Palmer*, 74 N. Y. 183; *Zeigler* v. *S. and N. A. R. R. Co.* 55 Ala. 594; *Clark* v. *Mitchell*, 64 Mo. 564; *Lennon* v. *Mayor, etc.* 55 N. Y. 361; *Davidson* v. *New Orleans*, 96 U. S. 97.

*A. W. Paine*, for the defendants.

This action is not maintainable without tender or payment of the sum for which the tax sale was made. The sale was under R. S., 1857, c. 6, § 42, as amended by statute 1862, c. 116. The assessment was in 1861 by the county commissioners for building or repairing highways, the sale was in December 1862. The assessment was legal and conclusive so far as this action is concerned until overruled on *certiorari.* 29 Maine, 196; 33 Maine, 457. The assessment being valid and the sale for taxes being made, the defence is made out, for the plaintiff has not paid nor tendered the sum for which the sale was made as required by the statute, 1862, c. 116, § 2.

If it be said that the statute of 1862 was repealed by R. S., 1871, the answer is that the defendants' right had already become vested and was protected by the constitution; and the repealing act expressly provided that "the acts declared to be repealed remain in force . . . for the preservation of rights and their remedies existing by virtue of them."

The counsel further ably argued the question of the constitutionality of the law of 1862.

PETERS, J. This is a real action. It is not denied that the demandant is entitled to the demanded premises, unless a tax-title, under which the defendants claim the land, takes the demandant's title from him.

It is contended by the defendants that the action cannot be maintained, because the demandant has not deposited with the clerk the amount of the taxes and charges for the non-payment of which the tax sale was made. In *Crowell* v. *Utley, ante* p. 49, it is held, following other recent decisions, that, where a demandant claims under a tax sale, the defendant cannot be required to

make such deposit, until the demandant shall establish his right by at least a *prima facie* case, the court adhering to the doctrine of the case of *Orono* v. *Veazie*, 57 Maine, 517. And the same rule must apply where the parties to the litigation are reversed. If the demandant has the true title, subject to its loss by a sale of the land for non-payment of taxes, then the defendant, who sets up a claim of title by virtue of a tax sale, must first make out a *prima facie* tax-title in defense of his claim, before the demandant can be required to make such deposit.

Here the defendants fail to make out a *prima facie* case. The proceedings of sale are void. A tax was assessed by county commissioners upon certain lots in an unincorporated township, assessing some of them at one rate and others at another rate, and portions of each set of lots were sold *in solido* by the county treasurer at a given sum paid for the whole by the purchaser, the treasurer certifying that the lands were " struck off (at that sum) to the said Gilman, the highest bidder therefor." It does not appear, as it should, that any effort was made to obtain the amount of the tax and charges by a sale of some fractional part of the land less than the whole. The statutes, under which the sale was made, ( R. S., 1857, c. 6, § 42, amended by c. 116, acts of 1862,) required that " *so much* of it (the land) should be sold " as would raise the sum that would cover taxes and charges and interest. " So much" means such fractional portion. *Allen* v. *Morse*, 72 Maine, 502. The error is fatal, and renders the deed void. *Lovejoy* v. *Lunt*, 48 Maine, 377 ; *French* v. *Patterson*, 61 Maine, 203 ; *Whitmore* v. *Learned*, 70 Maine, 276 ; *Wiggin* v. *Temple*, 73 Maine, 380.

*Judgment for demandant.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.